IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN VERNON LOCKETT, | No. CIV S-07-0301-GEB-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| KEITH ERICSON, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, who is proceeding with retained counsel, brings this civil action. Pending before the court are the parties' briefs addressing the court's subject matter jurisdiction.[1]

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] The brief filed by defendants City of Mount Shasta Police Department, Gibson, and Lynch is styled as a motion to dismiss. The Clerk of the Court is directed to terminate this document (Doc. 27) as a pending motion.

1

# I. BACKGROUND

### A. Plaintiff's Allegations

In his complaint, plaintiff sues the City of Mount Shasta Police Department and various of its officers. Plaintiff alleges the following general factual background:

> On February 16, 2005, Plaintiff Lockett was sleeping in his home, around 9:00 p.m. He awakened to law enforcement officers standing above him and shining a flashlight in his face. Approximately one to one and one-half hours prior, plaintiff had driven to his home, and, owing to road snow conditions, his car had slid off the road almost immediately across the street from his home. The car had become stuck. Plaintiff had attempted to remove it, but was unable to do so. A woman, who apparently saw him, asked if he was okay and whether he needed help. He told her that he did not need assistance, and that he was fine. His house was across the street from where his car remained, which was on the side of the road, and out of the way. Plaintiff walked into his house.
>
> The defendant officers entered his home, without a warrant, came into his bedroom, awakened him, and began asking him questions about where he had been, and what he had been doing. Plaintiff admitted that the stuck car was his and explained how it had gone off the road, but that he had been home and asleep for over an hour. Defendant officers issued him a breathalyzer test, and thereafter arrested him for driving under the influence. The defendant officers do not dispute that they never saw plaintiff drive, nor that any witnesses ever saw him drive.

Plaintiff asserts one claim – violation of his civil rights under the Fourth Amendment – arising from these facts.

### B. Procedural History

At the initial status/scheduling conference held in this matter, plaintiff's counsel made an oral motion for a stay of proceedings pending resolution of a state court criminal action arising from the arrest described above. Plaintiff's motion was granted and this action was stayed pursuant to <u>Wallace v. Kato</u>, 127 S.Ct. 1091 (2007), on December 14, 2007. Plaintiff thereafter submitted status reports on February 18, 2008, May 23, 2008, and August 18, 2008. In his last status report, plaintiff indicated that the state court criminal prosecution had concluded upon plaintiff's entry of a plea of no contest to the charge of "wet reckless." The court lifted the stay on August 26, 2008, and a second status/scheduling conference was held on October 22,

1  2008, at which time the court directed the parties to file briefs addressing whether this action is
2  barred under Heck v. Humphrey, 512 U.S. 477, 483-84 (1994), because success on plaintiff's
3  civil rights claim would necessarily imply the invalidity of his "wet reckless" conviction which
4  has not otherwise been set aside or reversed.[2]

5        Accompanying defendants' briefs are requests for the court to take judicial notice
6  of various pleadings and orders filed in the underlying state court criminal action.[3] Exhibits to
7  defendants' requests for judicial notice reveal that plaintiff (as defendant in the underlying
8  criminal case) filed a motion to suppress evidence, arguing that it was seized without a warrant in
9  violation of his Fourth Amendment rights. Specifically, plaintiff's motion stated:

> The evidence that Defendant seeks to suppress includes, but is not limited to, the following indicated items: blood alcohol results, all observations, statements, and any other evidence, tangible and intangible, seized pursuant to the warrantless entry into the Defendant's home without exigent circumstances.
> The complaint of search and seizure violates Defendant's Fourth Amendment rights under the United States Constitution.
> More specifically, this motion is based on violation of Defendant's reasonable expectation of privacy in his own home, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.
> The police action was without warrant and relied on hearsay information from other police and non-police sources; the defense therefore requests that said sources be produced in court (citations omitted).

18  In opposition, the government argued: (1) the warrantless entry was justified because police were
19  involved in an ongoing investigation and the failure to enter the home would have resulted in loss
20  of evidence; and (2) the warrantless entry was justified due to the officer's need to determine
21  whether plaintiff was injured and in need of assistance. In denying the motion, the state court

---

[2] Pursuant to Federal Rule of Civil Procedure 12(h), the court must consider as a threshold matter whether it has subject-matter jurisdiction.

[3] The court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record. See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008). Thus, this court may take judicial notice of state court records, see Kasey v. Molybdenum Corp. of America, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, see Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967). Defendants' requests for judicial notice should be granted.

1  concluded as follows:

> Considering the totality of the factors and circumstances presented to the officer, he was reasonable in his suspicion of exigent circumstances regarding the well being of the Defendant. He was acting properly in his role as a community caretaker in entering the Defendant's residence to determine the need for assistance. (citation omitted).
>
> Once inside the residence, where it was appropriate for him to be, the officer made plain sight observations which gave rise to probable cause to arrest the Defendant for driving under the influence pursuant to Vehicle Code Section 40300.5(a) and (e). (citation omitted).

Following this ruling, plaintiff entered the no contest plea to "wet reckless" and waived his right to appeal the court's ruling on his motion to suppress.

## II. DISCUSSION

In their briefs, defendants address the court's jurisdictional concern under Heck, and also argue: (1) plaintiff's claim is precluded by the state court's ruling on the same issue in the context of the motion to suppress; and (2) the police officer defendants are entitled to qualified immunity. Plaintiff responds to the Heck issue as well as defendants' additional arguments.

The court turns to the applicability of the Heck doctrine first. All defendants argue that the conviction arising from plaintiff's no contest plea would necessarily be rendered invalid by success on the instant civil rights action. They cite Wetter v. City of Napa, 2008 WL 62274 (N.D. Cal. 2008), for the proposition that the result is the same regardless of whether the conviction resulted from a no contest plea, guilty plea, or jury verdict. Defendants further contend that the plea establishes the lawfulness of the underlying arrest and conclude that this action is barred because success on the merits would necessarily imply that the arrest was unlawful, thereby undermining the validity of the no contest plea and subsequent conviction.

///

///

Plaintiff argues that a footnote in Heck itself indicates that the doctrine is inapplicable to the facts of his case. Specifically, plaintiff points to footnote 7, where the Court discussed situations where a § 1983 action would be allowed to proceed because success on the merits would not demonstrate the invalidity of any outstanding criminal judgment. The Court stated:

> For example, a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of independent source and inevitable discovery (citations omitted), and especially harmless error (citation omitted), such a § 1983 action, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful. . . . (emphasis in original).

Heck, 512 U.S. at 487, n.7.

Plaintiff concludes that, because his civil rights action is based on an allegedly improper search and seizure, the Heck doctrine does not apply.

In their reply brief, defendants City of Mount Shasta Police Department, Gibson, and Lynch argue that the "exception" recognized in footnote 7 does not render the Heck bar inapplicable to this case. They argue that, even though plaintiff's § 1983 claim does in fact allege a search and seizure in violation of the Fourth Amendment, the facts as alleged by plaintiff in the complaint and his motion to suppress do not give rise to any doctrines such as independent source, inevitable discovery, or harmless error. Rather, they argue that plaintiff's § 1983 claim is inextricably tied to the validity of the search and that no other doctrine could, under plaintiff's version of events, have rendered the search proper. Thus, defendants conclude that success on plaintiff's civil rights claim does in fact necessarily imply the invalidity of the search and subsequent conviction.

/ / /

/ / /

/ / /

The court finds this argument persuasive. As defendants note, plaintiff argued in his motion to suppress that there were no exigent circumstances justifying the warrantless entry into his home. More to the point, plaintiff argued that there was no valid reason whatsoever to enter the house. The facts outlined in plaintiff's § 1983 complaint do not indicate that the warrantless search could even arguably have nonetheless been proper due to some independent source or because of inevitable discovery. Further, because there was no trial and plaintiff waived his right to appeal the conviction, the issue of harmless error could never arise.

The Court's discussion at footnote 7 of the Heck decision is an illustration of a situation where success on the § 1983 claim would not necessarily imply the invalidity of a state court criminal conviction. The Court highlighted the word "necessarily" to make its point and distinguish the example from the situation, as is presented here, where the § 1983 plaintiff's action, if successful, would have no other result than rendering the criminal conviction invalid. In this case, success on plaintiff's § 1983 claim means the finder of fact concludes that the search was unreasonable and violated the Fourth Amendment. Because the search could not have been otherwise rendered valid (due to, for example, an independent source, inevitable discovery, or harmless error), success on the § 1983 claim could have no other effect than to render the search and subsequent conviction invalid.

The court concludes that plaintiff's action is barred under Heck and should be dismissed.[4]

/ / /

/ / /

/ / /

/ / /

---

[4] Given this conclusion, the court need not consider the preclusive effect, if any, of the state court's denial of plaintiff's motion to suppress, or the applicability of qualified immunity.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that this action be dismissed for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 11, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE